IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANICE WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION FILE |
| v. | § | |
| | § | NUMBER 1:11-cv-3753-TCB |
| JAY JAY KAR INVESTMENTS, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |

## INSTRUCTIONS TO PARTIES AND COUNSEL

This case has been assigned to Judge Timothy C. Batten, Sr.  The purpose of this Order is to inform the parties and their counsel of the Court's policies, practice and procedure.  It is issued to promote the just and efficient determination of the case.  This Order, in combination with this Court's Local Rules and the Federal Rules of Civil Procedure, shall govern this case.

## Case Administration

### 1.      Contacting Chambers

Julee Smilley, our Courtroom Deputy Clerk, is your principal point of contact on matters relating to this case.  Where possible, communication with Ms. Smilley should be by telephone (404.215.1422) or by e-mail (julee_smilley@gand.uscourts.gov).  Mailed, couriered, and hand delivered communications should be addressed as follows:

> Ms. Julee Smilley
> Courtroom Deputy Clerk
> 2142 U.S. Courthouse
> 75 Spring Street, SW
> Atlanta, GA 30303-3309

Neither the parties nor their counsel should discuss the merits of the case with Ms. Smilley or any of the Court's law clerks.

### 2.      Courtesy Copies

Parties frequently forward courtesy copies of motions and other filings directly to chambers for the Court's convenience.  Except for emergency motions filed pursuant to Local Rule 7.2(B) and motions for TROs, the delivery of a hard copy of a document in addition to the electronically filed copy is not necessary, and the Court prefers to rely on its electronic access to court filings.  The movant should hand deliver to Ms. Smilley a hard copy of

all emergency motions and motions for TROs.  It is not necessary for the respondent to provide a hard copy of its response to Ms. Smilley.

**3.    Local Counsel in Cases with Counsel Admitted Pro Hac Vice**

Where lead counsel has been admitted pro hac vice, local counsel is required to be thoroughly familiar with the case.  The Court presumes that lawyers admitted to the bar of other district courts are competent, diligent, and courteous, but ultimately, local counsel must be accountable and available to address and argue any issue in the case.

**4.    Electronic Registration**

All counsel—including counsel admitted pro hac vice—must register and participate in the Court's electronic filing system, CM/ECF.  (See this Court's Standing Order No. 04-01, found at Appendix H of the Court's Local Rules.)

**<u>Case Management</u>**

**1.    Extensions of Time**

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolutions.  To that end, the Court seeks to set reasonable but firm deadlines.  Motions for extension, whether opposed, unopposed or by consent, will not be granted as a matter of course.

Parties seeking an extension should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and should set forth a timetable for the completion of the tasks for which the extension is sought.

**2.      Conferences**

Scheduling, discovery, pre-trial and settlement conferences promote the speedy, just, and efficient resolution of cases.   Therefore, the Court encourages the parties to request a conference when counsel believes that a conference will be helpful and counsel has specific goals and an agenda for the conference.

**3.      Early Planning Conference**

Local Rule 16.1 provides that prior to filing the Joint Preliminary Report and Discovery Plan, lead counsel for all parties are required to confer in an effort to settle the case, discuss discovery, limit issues and discuss other matters addressed in the Joint Preliminary Report and Discovery Plan. This Early Planning Conference may be conducted by lead counsel by telephone.

4.    **Initial Disclosures**

Initial disclosures should be as complete as possible based upon information reasonably available.  Responses may not be reserved for later supplementation.

5.    **Candor in Responsive Pleadings**

In accordance with Fed. R. Civ. P. 8(b), a party's responsive pleading must admit or deny the averments of the adverse party's pleading.  For example, if the complaint alleges, "A copy of the parties' contract is attached hereto as Exhibit A," the defendant's answer must either admit or deny this averment, or plead that he is without knowledge or information sufficient to form a belief as to whether Exhibit A is in fact a copy of the parties' contract; the defendant may not plead, e.g., "Defendant admits that Exhibit A is attached to the complaint," or "The document speaks for itself."  Such evasive denials shall be disregarded, and the averments to which they are directed shall be deemed admitted in accordance with Fed. R. Civ. P. 8(d).

Similarly, a party may not, in his responsive pleading, deny an averment in his opponent's pleading on the grounds that the averment raises a matter of law rather than fact.

## 6.    Discovery Responses—Boilerplate and General Objections

Boilerplate objections in response to discovery requests are strictly prohibited.  Parties should not carelessly invoke the usual litany of rote objections, i.e., attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, general objections are prohibited, i.e., a party shall not include in his response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, e.g., the attorney-client privilege, the work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request must be met with every specific objection thereto—but only those objections that actually apply to that particular request.  Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections

6

have been asserted to each individual request.  All such general objections shall be disregarded by the Court.

Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete, i.e., whether additional information or documents would have been provided but for the objection(s).  For example, in response to an interrogatory a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

**7.    Discovery Responses—Verifying Interrogatory Answers**

Verifications of interrogatory answers must be unqualified, i.e., they must recite that the interrogatory answers are true and correct to the best of the affiant's knowledge; no reference should be made to the affiant's information and/or belief.  Nor should a verification include surplusage to the effect that the answers may be subject to change because they are based upon limited information available to the affiant or because discovery is just starting, etc.

## 8.   Conduct During Depositions

(a)    At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition.  The witness shall abide by these instructions.

(b)    All objections, except those that would be waived if not made at the deposition under Fed. R. Civ. P. 32(d)(3)(B) and those necessary to assert a privilege, or to present a motion pursuant to Fed. R. Civ. P. 30(d), shall be preserved.  Therefore, those objections need not and SHALL NOT be made during the course of depositions.  In particular, the Court eschews the dreaded "Objection to form" objection.

(c)    Counsel SHALL NOT instruct a witness not to answer a question unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court.  And the objection had better be good.

(d)    Counsel shall not make objections or statements that might suggest an answer to a witness. Counsel's statements when making

objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

(e)   Counsel and their witness-clients SHALL NOT engage in private, off-the-record conferences during depositions or during breaks regarding any of counsel's questions or the witness's answers, except for the purpose of deciding whether to assert a privilege.  Any conferences that occur pursuant to, or in violation of, this rule are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.  Any conferences that occur pursuant to, or in violation of, this rule shall be noted on the record by the counsel who participated in the conference.  The purpose and outcome of the conference shall also be noted on the record.

(f)   Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition.  The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness.  The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

9

(g)     Unless the parties agree otherwise, breaks in the interrogation shall occur no more frequently than once every ninety minutes, breaks in the interrogation shall last not longer than fifteen minutes, and any lunch break shall last one hour and fifteen minutes.   Breaks do not count when computing the duration of the deposition.

**9.     Serving Discovery Prior to Expiration of the Discovery Period**

All   discovery   requests   must   be   served   early   enough   so   that   the responses thereto are due on or before the last day of the discovery period. The Court typically will not enforce private agreements between the parties and/or their counsel to conduct discovery beyond the end of the discovery period, nor will the Court ordinarily compel responses to discovery requests that were not served in time for responses to be made before the discovery period ended.

**10.    Extensions of the Discovery Period**

Motions requesting an extension of the discovery period must be made prior to the expiration of the existing discovery period, and such motions ordinarily will be granted only in cases where the attorneys could not have anticipated, at the time they submitted the Joint Preliminary Report and

Discovery Plan, that the specific circumstances necessitating the requested extension would arise.

The Court ordinarily will not permit the taking of depositions for the preservation of testimony after the close of discovery if an objection is raised by the opposing party.

## 11.    Motions to Compel Discovery and Objections to Discovery

Prior to filing a motion to compel discovery, the movant—after conferring with the respondent in a good faith effort to resolve the dispute by agreement—should contact Ms. Smilley and notify her that the movant seeks relief with respect to a discovery matter.  Ordinarily, Ms. Smilley will then schedule a conference call in which the Court will attempt to resolve the matter without the necessity of a formal motion.

The Court is usually available by telephone to resolve objections and disputes that arise during depositions.

## 12.    Confidentiality Agreements

If the parties find that a confidentiality agreement is necessary, the following language should be included (and shall be deemed included) in any proposed consent confidentiality order:

> Any documents or tangible things designated as
> Confidential that are submitted to the Court in support of or in

11

opposition to a motion or introduced at a hearing or during trial may retain its protected confidential status only by Order of the Court in accordance with the following procedures. Counsel shall file the documents or tangible things in hard copy with the Clerk of Court.   Counsel shall attach to the documents or tangible things a motion and proposed order to file the documents or tangible things under seal.  The Clerk will submit the documents or tangible things to chambers.  The opposing party shall not be permitted to file a response in opposition to the request for protected status.   The Court will review, in camera, the documents or tangible things for which continued protection is requested.  If the Court agrees that the documents or tangible things should be sealed, the proposed order provided by counsel will be executed and the Clerk will file the documents or tangible things under seal.

A party who seeks to introduce protected information, documents, or tangible things at a hearing or during trial shall advise the Court at the time of introduction that the information, documents, or tangible things sought to be introduced are protected.  The Court will review the information, documents, or tangible things in camera, and make an oral ruling.  The Clerk will file any such documents or tangible things under seal.

## 12.   Motions for Summary Judgment—Record References

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts.

When filing a brief in support of or in opposition to a motion for summary judgment, the party shall (a) simultaneously file the original transcript of each deposition referenced in the brief, and (b) electronically file a notice of filing of the deposition transcript(s).   The party should

include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the transcript where the referenced testimony can be found.  The party should also attach to the brief a copy of the specific pages of the deposition that are referenced in the brief. The party should not attach to the brief a copy of the entire deposition transcript.  The Court prefers (but does not require) condensed copies of deposition transcripts (i.e., one physical page containing four pages of transcribed testimony).

## 13.   Pretrial Orders—Exhibit and Witness Lists

The parties shall separately number each of their exhibits as to which a separate foundation must be laid.  For example, exhibits should not be grouped as "hospital records" or "photographs."  Similarly, exhibits should be numbered sequentially (e.g., P-1, P-2, etc); do not use, e.g., P-1a, P-1b, etc. for a group of exhibits.

In listing witnesses or exhibits, a party may not reserve the right to supplement his list, nor should a party adopt another party's list by reference.

**14.    Pretrial Conference and Motions in Limine**

Normally, the Court will conduct a pretrial conference.  The purpose of the conference is to simplify the issues to be tried and to rule on evidentiary objections raised in the pretrial order.

The parties will be required at the pretrial conference to identify the specific witnesses they will call in their case in chief at trial.  The Court may require the parties to bring with them to the pretrial conference the exhibits to which there are objections so that the Court can consider objections thereto.

Unless otherwise directed, all motions in limine shall be filed at least twenty days before the pretrial conference.  Briefs in opposition to motions in limine should be filed at least one week before the pretrial conference.  Ordinarily, the Court will decide motions in limine at the pretrial conference.

**15.    Requests for Oral Argument on Motions**

In accordance with Local Rule 7.1(E), motions are usually decided without oral argument, but the Court will consider any request for hearing.  Moreover, the Court shall grant a request for oral argument on a contested, substantive motion if the request states that a lawyer of less than five years

out of law school will conduct the oral argument (or at least the lion's share), it being the Court's belief that young lawyers need more opportunities for Court appearances than they usually receive.

### 16. Proposed Findings of Fact and Conclusions of Law

When counsel is required to submit proposed findings of fact and conclusions of law (LR 16.4(B)(25)), in addition to electronically filing same, counsel should provide an electronic copy thereof—in Microsoft *Word* format—to Ms. Smilley (julee_smilley@gand.uscourts.gov).

### Courtroom Procedures

1.    The Court usually is in session from 9:00 a.m. until 5:00 p.m.  There will be a fifteen-minute recess mid-morning and again mid-afternoon.  The Court typically recesses for lunch at 12:15.

2.    When the jury is in the courtroom it is the Court's and the litigants' responsibility to use the jury's time efficiently.  If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the start of the trial day.

3.    Voir dire will be conducted as follows: In civil cases that are not expected to last more than two weeks, the Court will empanel eight jurors, none of whom will serve as an alternate.  The panel from whom the eight will

be selected will normally consist of 18-20 prospective jurors.  If counsel anticipate the need for a larger panel, e.g., in cases with media attention or in cases involving a mutual insurance company (which may be owned in part by one or more panel members), counsel should alert the Court promptly upon calendaring of the case for trial.

The jurors will enter the courtroom and be seated in the order listed on the juror list.  The Court will briefly inform the jury of the name and nature of the case and then qualify the jurors.  Ms. Smilley will then call the name of each juror (one at a time) and have each juror answer the questions on the list attached hereto as Exhibit A.  The Court will then ask those questions proposed by the parties in the Pretrial Order that the Court deems appropriate.  One question will be whether any juror knows any witness in the case, so counsel should be prepared to identify the witnesses who may be called to testify (whether live or by deposition).  The jury will then be excused from the courtroom for a ten-minute recess.

Once the jury is excused, the parties shall make motions to strike any juror(s) for cause.

Prior to returning the jury to the courtroom, the Court will consider any requests by counsel to ask any brief, follow-up questions to any

particular juror(s).  After the Court rules on any such requests, the jury will be brought back into the Courtroom.  After the Court asks the follow-up questions (if any), counsel shall strike the jury.  Each side shall be entitled to three peremptory strikes.  Ms. Smilley will pass the peremptory strike sheet (Exhibit B hereto) back and forth between counsel, beginning with Plaintiff, and counsel will write one juror number to be stricken.  This will continue until each side has exercised its allotted strikes.  The Court will then call the names of the jurors who have been selected, and they shall take a seat in the jury box.  At this time, counsel may make motions challenging the makeup of the jury at a sidebar.  The remaining panel will be excused, and the selected jury will be sworn.

4.     During opening statement, counsel may refer to the contents of, and show the jury, exhibits—provided that counsel is unaware of a genuine issue as to the admissibility of the exhibit into evidence *and* counsel genuinely expects that each such exhibit will be admitted into evidence.

5.     Have enough witnesses on hand for each day's proceedings.

6.     To assist the court reporter, all communications to the Court should be made from a position at counsel table or from the lectern.  During trial, a portable microphone is available that will allow counsel to move about the

courtroom.  Any witness not testifying from the witness stand must also use a portable microphone.

7.    Counsel should refrain from making disparaging remarks or displaying ill will toward other counsel, and from causing or encouraging any ill feeling among the litigants.

8.    Arrangements with the clerk for the use of chalkboards, view boxes, tripods or other visual aids should be made sufficiently in advance of the need so that they may be set up while court is not in session.

9.    Counsel and litigants are to refrain from making gestures, facial expressions or audible comments as manifestations of approval or disapproval of testimony, argument or rulings by the Court.

10.   Exhibits must be examined and marked before trial and need not be shown to counsel during trial for the purpose of interposing objections or foundational inquires.

11.   Because enlarged exhibits and demonstrative boards are often placed on an easel in front of the jury and thus out of the Court's view, it would be helpful if counsel, when showing such an exhibit or board to the jury, would please provide the Court with a small (e.g., letter- or legal-sized) copy of the exhibit or board so that the Court can view its contents.

12.     All papers intended for the Judge should be handed to the clerk, who will pass them to the Judge.  Counsel are <u>not</u> required to obtain permission from the Judge to approach a witness in order to show the witness an exhibit or other document.

13.     Only one attorney per party may object to the testimony of a witness being questioned by an opposing party.  The objection must be made by the attorney who has conducted or is to conduct the examination of the witness. Only one attorney for each party may address the Court during the charge conference.

14.     Examination of a witness should be limited to questions addressed to the witness.  Counsel are to refrain from making extraneous statements, comments or remarks during examination.

15.     Offers or requests for stipulations should be made privately, not within the hearing of the jury.

16.     All requests for re-reading of questions or answers should be addressed to the Judge.

17.     Counsel should refrain from putting any matter before the jury in the form of a question that counsel knows or expects will be subject to an

objection that is likely to be sustained.  Such matters should be taken up with the Court outside the presence of the jury.

18.    Counsel should not ordinarily make motions in the presence of the jury.  Such matters may be raised at the first recess or at sidebar.  A motion for mistrial must be made immediately, but the Court may require argument at the next recess or excuse the jury.

19.    When making an objection, counsel shall state only the legal basis of the objections (e.g., "leading" or "hearsay") and should not elaborate, argue, or refer to other evidence unless asked to do so by the Judge.

20.    Counsel are prohibited from addressing comments or questions to each other.  All arguments, objections and motions should be addressed to the Court.

21.    The Court expects five to six hours of testimony per day in jury trials and will not allow sidebar conferences or lengthy hearings outside the presence of the jury to disrupt the orderly presentation of evidence.

22.    Because technology changes rapidly and attorneys use different media methods in courtroom presentations, the Court does not offer equipment or technology support in its courtroom.  Thus, the parties are responsible for

providing any laptops, DVD players, document projectors or other technology that they wish to use.

23.   A Court Order is required to bring boxes of exhibits, projectors, laptops—virtually anything necessary for use at trial—into the courthouse. The parties need to coordinate with Ms. Smilley for an Order to be issued, and this should be done not less than three business days before the hearing or trial during which the documents and/or equipment will be needed.

24.   Ordinarily, the Court will charge the jury before closing argument.

IT IS SO ORDERED this 3rd day of November, 2011.

_____
Timothy C. Batten, Sr.
United States District Judge

# Jury Questions

Please stand and answer the questions listed below, speaking loudly so that everyone in the courtroom can hear you.

1.      State your name.

2.      In what city and county do you reside?  How long have you lived there?  If less than one year at your current residence, where did you reside previously?

3.      What is your present employment?
        a.      Name of employer?
        b.      What are your duties?
        c.      How long so employed?
        d.      If you had this job for less than 5 years, state your previous occupation.

4.      What is your educational background?

5.      If married, what is your spouse's occupation?

6.      Do you have children?  If so, what are their ages?  If you have adult children, what is their employment status?

7.      Do you belong to any social, civic, political or religious organizations?

8.      Have you ever attended law school or paralegal school?

9.      Have you ever been a party to a lawsuit other than a suit for divorce or child custody?

10.     Have you ever served on a jury before.  If so, where and when?  What kind of case was it?  Did you reach a verdict?

11.     What do you do for recreation?

**Exhibit A**

## **<u>Peremptory Strike Sheet</u>**

1.   Plaintiff's first peremptory strike is juror number ____.

   Defendant's first peremptory strike is juror number ____.

2.   Plaintiff's second peremptory strike is juror number ____.

   Defendant's second peremptory strike is juror number ____.

3.   Plaintiff's third peremptory strike is juror number ____.

   Defendant's third peremptory strike is juror number ____.

**Exhibit B**